**Aura Amparo–Arias ZULUAGA,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**Civil Action No. 97–11023–WGY.**

United States District Court,
D. Massachusetts.

July 8, 1997.

Aura Amparo–Arias Zuluaga, Danbury, CT, pro se.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

On November 26, 1996, Aura Amparo–Arias Zuluaga ("Zuluaga"), acting *pro se,* moved this Court to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Zuluaga claimed that, in calculating her sentence, this Court erred in applying a two level enhancement for possession of a dangerous weapon in connection with a drug related crime. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1). The Government countered that Zuluaga's petition 1) did not fall within the new one-year statute of limitations for section 2255, 2) sought collateral relief for an issue that Zuluaga could have, but did not raise, on direct appeal, and, in any event, 3) should be denied on the merits. Upon review of the record, this Court rather summarily denied relief "for all the reasons set forth in the government's brief." *Zuluaga v. United States,* Civil Action No. 97–11023–WGY (D.Mass. May 5, 1997) (endorsed order denying motion to vacate sentence).

1. Although Zuluaga styled her November 26, 1996 motion as one for a reduction in sentence pursuant to 18 U.S.C. § 3582, this Court construed it as a motion to correct sentence under 28 U.S.C. § 2255. *See United States v. Morgan,* 346 U.S. 502, 505, 74 S.Ct. 247, 249, 98 L.Ed. 248 (1954) (movant seeking to correct sentence should not be barred from an appropriate remedy because she has misstyled her motion).

2. As amended, section 2255 provides for a one year statute of limitations that shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Zuluaga promptly moved for reconsideration, supporting her motion with a cogent memorandum. Upon careful reconsideration, this Court concludes that its earlier order was analytically overbroad in one important respect.

## I. ANALYSIS

Effective April 24, 1996, *see Montero v. Cobb,* 937 F.Supp. 88, 92 (D.Mass.1996), the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub.L. No. 104–132, 110 Stat. 1214, § 101, 105, amended the statutes governing *habeas corpus* petitions for prisoners in both state and federal custody and imposed a one year statute of limitations period on the filing of all non-capital *habeas* petitions in the federal courts. 28 U.S.C. §§ 2254(d)(1), 2255. Unless one of three exceptions applies, the limitations period begins to run on "the date on which the judgment of conviction becomes final."[2] 28 U.S.C. § 2255.

Here, Zuluaga's judgment of conviction became final no later than January 29, 1994.[3] As Zuluaga did not file this section 2255 motion until November 26, 1996, the Government argues that her petition is barred by the one year statute of limitations. In fact, it is the Government's contention that the enactment of the Act immediately extinguished the right to file a 2254 or 2255 petition for

Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(d) (using nearly identical language to establish the statute of limitations for petitions filed pursuant to 28 U.S.C. § 2254).

3. Section 2255, as amended, does not define when a judgment of conviction becomes final. *See Clarke v. United States,* 955 F.Supp. 593, 595 (E.D.Va.1997). As a general matter, however, a final judgment refers to the conclusion of direct review or the expiration of the time for seeking it. *See United States v. Bazemore,* 929 F.Supp. 1567, 1569 (S.D.Ga.1996). Here, this Court entered final judgment on January 18, 1994, and Zuluaga did not file a notice of appeal within ten days, as required by Fed. R.App. P. 4(b). Zuluaga's judgment of conviction therefore became "final" no later than January 29, 1994.

every prisoner whose conviction became final prior to April 23, 1995—unless that prisoner is eligible for one of the three statutory exceptions to the one year limitations period.[4]

■ In its recent decision in *Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), the Supreme Court held that all of the Act's amendments pertaining to non-capital *habeas* practice, including the new statute of limitations, do not apply to habeas cases that were pending at the time of the Act's enactment. *Id.* at —— - ——, 117 S.Ct. at 2063–64.[5] The *Lindh* court, however, did not reach the issue presented here,[6] which is also one of apparent first impression in the First Circuit: Does the one year statute of limitations govern with respect to a *habeas* petition filed *after* the effective date of the Act, but arising out of conviction which became final more than one year *prior* to the effective date of the Act?[7]

"In determining whether a statute's terms would produce a retroactive effect, . . . and in determining a statute's temporal reach generally, [the] normal rules of construction apply." *Lindh,* —— U.S. at —— - ——, 117 S.Ct. at 2063–64. Here, the language of the Act is ambiguous as to whether the one-year statute of limitations applies to petitions that

were 1) filed after the Act, but 2) arise out of convictions that became final prior to the Act. Accordingly, this Court looks to the legislative history, and notes that the Act's reforms were designed "to curb the abuse of the statutory writ of habeas corpus." H.R. Conf. Rep. 104–518, at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 944, 944. As a result, this Court holds that Congress must have intended for the new statute of limitations to have *some* applicability to non-pending petitions relating to convictions that became final prior to effective date of the Act. A contrary reading—that the new statute of limitations is *entirely* inapplicable to anyone whose conviction became final prior to April, 1996—would frustrate the underlying purpose of Act.

At the same time, however, the interpretation of the Act advanced by the Government—that the new statute of limitations operates as a *per se* bar against the filing of a *habeas* petition by anyone whose conviction became final prior to April 23, 1995 (and had not yet filed such a petition at the time of the Act)—would render the statute unconstitutional. The Supreme Court has long recognized that "the Constitution . . . requires that statutes of limitations must 'allow a reason-

---

**4.** *See supra* note 2. It is undisputed that none of these exceptions are applicable to the case at bar.

**5.** This Court notes that *Lindh* overrules the First Circuit's decision in *Martin v. Bissonette,* No. 96–1856, 1997 WL 280602, at 7–8 (1st Cir. May 29, 1997) (holding that the new standard of review for state habeas petitions filed under 28 U.S.C. § 2254 applies to all cases pending at the time of the Act's enactment).

**6.** The *Lindh* court did state that "the negative implication of § 107(c) [pertaining to capital *habeas* cases] is that the new provisions of chapter 153 [containing all of the Act's amendments to non-capital *habeas* practice] generally apply only to cases filed after the Act became effective." *Lindh,* —— U.S. at —— - ——, 117 S.Ct. at 2067–68 (emphasis added). Although, taken out of context, this statement might be construed to require that the new one year statute of limitations be applied to all *habeas* cases filed after the Act's enactment, there is no indication that the Supreme Court contemplated the issue presented in the case at bar. In fact, *Lindh* specifically concerned the amendments to the Act imposing a

more stringent standard of review for *habeas* petitions, *see* 28 U.S.C. § 2254(d), and the Supreme Court did not address the statute of limitations provision other than to hold that it is inapplicable to cases pending at the time of the Act's enactment.

**7.** Several federal district courts outside of this Circuit have confronted precisely this issue, but a majority rule has yet to emerge. *Compare Smith v. United States,* 945 F.Supp. 1439, 1441 (D.Colo. 1996) (creating a one-year grace period after the effective date of the Act to file a section 2255 petition that would otherwise be untimely); *Duarte v. Hershberger,* 947 F.Supp. 146, 148–49 (D.N.J.1996) (same with respect to section 2254 petition); *Flowers v. Hanks,* 941 F.Supp. 765, 771 (N.D.Ind.1996) (same), *with Clarke,* 955 F.Supp. at 595–97 (one year limitation period applies to all section 2255 petitions filed after effective date of the Act, including those based upon convictions that became final more than one year prior to it's effective date); *Bazemore,* 929 F.Supp. at 1569–70 (same); *Harold v. United States,* 932 F.Supp. 705, 706 (D.Md.1996) (same); *Curtis v. Class,* 939 F.Supp. 703, 708 (D.S.D.1996) (same with respect to section 2254 petitions).

able time after they take effect for the commencement of suits upon existing causes of action.'" *Block v. North,* 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 1819 n. 23, 75 L.Ed.2d 840 (1983) (quoting *Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 (1982)). While Congress clearly desired narrowly to circumscribe the use of the "great writ" by enacting the Act, there is no indication that it intended effectively to abrogate it for a class of "prisoners who lacked notice of the new limitations period." *Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996) (further holding that such an interpretation would be "entirely unfair and a severe instance of retroactivity"); *see also Smith,* 945 F.Supp. at 1441 (such a result would be "intolerable"). Seeking to reconcile the Congressional intent underlying the Act and the restraints imposed by the Constitution, this Court holds that a prisoner whose conviction became final more than one year prior to the enactment of the Act had a reasonable grace period, which ran from the Act's effective date, in which to file a *habeas* petition. *See Smith,* 945 F.Supp. at 1441; *Reyes,* 90 F.3d at 679; *Duarte,* 947 F.Supp. at 148–49; *Flowers,* 941 F.Supp. at 771.

■ This Court acknowledges that "[c]hanges in procedural rules may often be applied in suits arising [out of events that took place] before their enactment without raising concerns about retroactivity." *Landgraf v. USI Film Prods.,* 511 U.S. 244, 275, 114 S.Ct. 1483, 1502, 128 L.Ed.2d 229 (1994). "The primary determinant of whether a modification to a procedural rule impairs rights (and thus has a prohibited retroactive effect) is the strength of any reliance interest in the outmoded procedure." *Martin,* 1997 WL 280602, at *7. Here, at the time of the Act's enactment, Zuluaga had a cognizable right to file a *habeas* petition at any time. If, as the Government advocates, the Act is interpreted to terminate that right—immediately and without notice—Zuluaga surely can demonstrate detrimental reliance on the old statute of limitations, and thus a prohibited retroactive effect. In contrast, under this Court's construction of the Act, which allows Zuluaga a grace period after the effective date to file

her petition, no such showing of detrimental reliance is possible.

The issue then becomes what constitutes a "reasonable time" or grace period. "Where a shortened limitations period would bar pre-accrued claims, other circuits have provided claimants the shorter of: (1) the pre-shortened limitation period, commencing at the time the action accrued; or (2) the shortened limitation period, commencing from the date the statute became effective." *Duarte,* 947 F.Supp. at 149 (citing *Kelly v. Burlington Northern R.R.,* 896 F.2d 1194, 1199 [9th Cir. 1990]; *Hanner v. Mississippi,* 833 F.2d 55, 58 [5th Cir.1987]); *Anton v. Lehpamer,* 787 F.2d 1141, 1146 [7th Cir.1986]; *Usher v. City of Los Angeles,* 828 F.2d 556, 561 [9th Cir. 1987]. Finding this approach persuasive, this Court holds that a prisoner whose conviction became final prior to the effective date of the Act had one year from that date (*i.e.,* until April 25, 1997) to file a *habeas* petition. As Zuluaga filed her section 2255 motion seven months after the effective date of the Act, her claim is not time barred.

■ Nevertheless, this Court need not reach the merits of her petition. A nonconstitutional claim that could have been, but was not, raised on direct appeal may not be asserted by collateral attack under section 2255 absent a showing of a complete miscarriage of justice and cause and prejudice. *Reed v. Farley,* 512 U.S. 339, 353–54, 114 S.Ct. 2291, 2299–2300, 129 L.Ed.2d 277 (1994); *Knight v. United States,* 37 F.3d 769, 772 (1st Cir.1994). Here, Zuluaga has failed to make any showing of cause and prejudice.

## II. CONCLUSION

For the foregoing reasons, Zuluaga's motion for reconsideration of her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is hereby *DENIED.*

**SO ORDERED.**