**Rawlinson ALVES, Petitioner,**

v.

**James MATESANS, Respondent.**

**C.A. No. 97–11015–JLT.**

United States District Court,
D. Massachusetts.

April 14, 1998.

Rawlinson Alves, Norfolk, MA, pro se.

John W. Laymon, Kaplan, Laymon & Gunning, Boston, MA, for Rawlinson Alves, petitioner.

Gregory I. Massing, L. Scott Harshbarger, Attorney General's Office, Boston, MA, for James Matesans, respondent.

### MEMORANDUM

TAURO, Chief Judge.

A jury found Petitioner Rawlinson Alves guilty of second degree murder on August 13, 1989. His conviction became final on January 31, 1994, when the Massachusetts Supreme Judicial Court denied him further appellate review. Petitioner now seeks a writ of habeas corpus from this court, alleging ineffective assistance of trial counsel. Respondent, on the other hand, urges the dismissal of Alves' petition, claiming that it was untimely filed under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The court referred this case to Magistrate Judge Robert Collings on May 20, 1997 for all post-conviction proceedings. On March 16, 1998, he issued a thorough and carefully reasoned report recommending that Alves' petition be dismissed as untimely. This court declines, however, to accept his recommendation and writes to articulate its interpretation as to how the AEDPA should be applied to a petitioner whose conviction be-

came final prior to April 24, 1996, the effective date of the Act.

## I.

### ANALYSIS

**A. What Constitutes a "Reasonable Period of Time"**

As Magistrate Judge Collings' report notes, the application of the new one-year statute of limitations imposed by the Act raises difficult and novel legal questions. Although it is clear that Congress intended the new limitations period to apply to convictions that had become final prior to the effective date of the Act, H.R.Conf.Rep. No. 104–518, at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 994, 994, a statute of limitations which retroactively bars petitions would obviously be unconstitutional. See Reyes v. Keane, 90 F.3d 676, 679 (2d Cir.1996) (holding that such an interpretation would be "entirely unfair and a severe instance of retroactivity").

The Supreme Court has long recognized that "the Constitution ... requires that [new] statutes of limitations ... 'allow a reasonable time after they take effect for the commencement of suits upon existing causes of action.'" Block v. North, 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) (quoting Texaco, Inc. v. Short, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982)). Accordingly, to reconcile congressional intent with the constraints of the Constitution, a court interpreting the AEDPA must decide what constitutes a "reasonable period of time" after the statute's effective date for prisoners, whose convictions had previously become final, to file petitions for habeas corpus relief.

Although the issue is clear, the authorities are divided as to its resolution. A number of courts have opted for a "bright line" rule and have held that a "reasonable period of time" is one year. Calderon v. U.S. Dist. Ct. for the Central District of California, 112 F.3d

386, 389 (9th Cir.1997); United States v. Simmonds, 111 F.3d 737, 745–46 (10th Cir. 1997); Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir.1996); Zuluaga v. United States, 971 F.Supp. 616, 619 (D.Mass.1997) (Young, J.). As the Seventh Circuit explained, the one-year statute of limitations contained in the Act "is short enough that the 'reasonable time' after April 24, 1996, and the one-year statutory period [should] coalesce; reliance interests lead us to conclude that no collateral attack filed by April 23, 1997, may be dismissed under § 2244(d)." Lindh, 96 F.3d at 866.

In contrast, other courts have concluded that, although a "bright line" approach is appealing because of the simplicity of its application, it is inconsistent with the Supreme Court's rationale generally in applying new statutes of limitations. See, e.g., Block, 461 U.S. at 286, 103 S.Ct. 1811. These courts have opted for a case-by-case determination of what constitutes a "reasonable period of time." Peterson v. Demskie, 107 F.3d 92, 93 (2d Cir.1997); Chapdelaine v. United States, No. 97–160P, 1997 WL 446465, at *2 (D.R.I. July 28, 1997).

■ This court concludes that the arguments supporting the "bright line" approach are clearly the more persuasive.[1] The "bright line" rule has the twin virtues of certainty and predictability, providing a better means of protecting a prisoner's reliance interest. Accordingly, this court finds that, where a prisoner's conviction became final at anytime prior to April 24, 1996, he has one-year from that date to file a petition for habeas corpus relief.

**B. When Does a Petitioner "File" His Petition**

■ The timeliness issue in this case is further complicated by the Supreme Court's holding in Houston v. Lack, 487 U.S. 266, 273, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In Houston v. Lack, the Court held that a

---

**1.** The court acknowledges that it did, in fact, adopt and approve Magistrate Judge Cohen's report and recommendation in Carron v. Matesans, No. 97–10911–JLT (D.Mass. March 13, 1998), in which Magistrate Judge Cohen seemed inclined to reach the opposite conclusion. The court

notes, however, that, in his report, Magistrate Judge Cohen stops short of reaching any conclusion on this issue and that the discussion in footnote thirteen is not in any way essential to the magistrate's reasoning. Id. at *7–8 n. 13.

pro se petitioner's notice of appeal is deemed to have been "filed" at the moment it is delivered to prison officials with instructions to forward it to the district court. *Lack,* 487 U.S. at 270, 108 S.Ct. 2379. In *Reid v. State of New Hampshire,* 56 F.3d 332, 340 n. 16 (1st Cir.1995), the First Circuit extended this holding to a prisoner's response to a motion for summary judgment.

Alves first sent his petition to the court on April 17, 1997. Had his petition been docketed at that time, it clearly would have been timely filed. The clerk's office, however, returned Alves' petition, because he did not include either the requisite filing fee or an application to proceed *in forma pauperis.*

Alves then re-submitted his petition on April 24, 1997, this time by handing it to prison officials along with a request that they process and send a check to the court in payment of the $5.00 filing fee. The clerk's office finally received and docketed Alves' petition on April 30, 1997. Accordingly, the issue becomes whether Alves' petition may be deemed to have been "filed" on April 24, 1997, when it was handed to prison officials. The court concludes that it was.[2]

Although both the notice of appeal addressed in *Lack* and the opposition to a motion for summary judgment considered in *Reid* must be filed within a much shorter period of time than a petition for habeas corpus relief,[3] the court sees no justification, practical or principled, for distinguishing among these various court filings. Indeed, the dictates of fairness, consistency, and judicial efficiency argue for the proposition that a uniform, "bright line" rule be adopted. Similarly situated litigants (i.e., prisoners) should be treated alike. In accordance with *Houston v. Lack,* the court concludes, therefore, that Alves' petition was "filed" on April 24, 1997, when it was handed to prison officials. *Accord In re Sims,* 111 F.3d 45, 47 (6th Cir.1997) (applying *Lack* in the context of a

petition for habeas corpus relief); *United States v. Gilmore,* 987 F.Supp. 677, 679 (N.D.Ill.1997) (same).

## C. *The Timeliness of Alves' Petition*

The timeliness of Alves' petition raises a final issue. The majority of the case law concludes, "No petition filed *on or before* April 23, 1997—one year from the date of AEDPA's enactment—may be dismissed for failure to comply with section 101's time limit." *Calderon,* 112 F.3d at 389 (emphasis added); *see also Simmonds,* 111 F.3d at 746; *Lindh,* 96 F.3d at 866. Measured by this standard, Alves' petition was filed one day too late.

The court, however, fails to see the magic in April 23, 1997. The AEDPA became effective on April 24, 1996. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, § 104, 110 Stat 1218 (1996). Applying the one-year statute limitations from this date, a prisoner must file a petition for habeas corpus relief on or before April 25, 1997. *Accord Zuluaga,* 971 F.Supp. at 619 ("[T]his Court holds that a prisoner whose conviction became final prior to the effective date of the Act had one year from that date (i.e., until April 25, 1997) to file a habeas petition."). Rawlinson Alves' petition was, therefore, timely filed.

## II.

### CONCLUSION

For the foregone reasons, the court finds that the petition was filed within the one-year statute of limitations and remands this case to Magistrate Judge Collings for consideration of the petition on its merits.

AN ORDER WILL ISSUE.

### ORDER

The court hereby orders as follow:

---

**2.** The court acknowledges its earlier endorsement of the report and recommendation prepared by Magistrate Judge Bowler in which she criticizes any extension of the Court's holding in *Lack. Norlander v. Plasky,* 964 F.Supp. 39, 42–43 (D.Mass.1997). The court notes, however, that, in adopting and approving her recommendation,

it did not intend to approve this portion of her report.

**3.** Other circuits have relied on just this rationale to distinguish the situation in *Lack* from the filing of a petition for habeas corpus relief. *See, e.g., Allen v. Dowd,* 964 F.2d 745, 746 (8th Cir.1992).

1. The court declines to adopt Magistrate Judge Collings' Report and Recommendation, dated March 16, 1998;

2. Magistrate Judge Collings is instructed to consider the petition on the merits; and

3. This case is remanded to him for all further post-conviction proceedings.

IT IS SO ORDERED.