USA v. Lavigne                         CR-91-50-SD    04/29/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


United States of America


        v.                                Crim. No. 91-50-01-SD


Steven Lavigne


O R D E R


This order addresses the issues raised by certain pleadings filed by the defendant Steven R. Lavigne.


1.  Motion to Reduce Sentence, document 65

On March 27, 1995, defendant filed what might most charitably be described as an angry letter.  Its thrust was that defendant desired correction of the enhanced sentence imposed on him pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (ACCA).[1]

The court elected to treat the letter as a motion to reduce (correct) sentence pursuant to 28 U.S.C. § 2255.[2]  Pursuant to

---

[1]In pertinent part, 18 U.S.C. § 924(e)(1) provides for a mandatory 15-year sentence for a felon in possession of a firearm who has three previous convictions for a violent felony or serious drug offense.

[2]28 U.S.C. § 2255 provides in pertinent part,

        A prisoner in custody under sentence of a
        court established by Act of Congress claiming
        the right to be released upon the ground that
        the sentence was imposed in violation of the

the court's request, the government filed its response, objecting to the relief sought.  Document 66.

As the government correctly points out, if considered in light of Rule 35(b), Fed. R. Crim. P., the court lacks jurisdiction to reduce the defendant's sentence without a motion from the court seeking such reduction.  Since its 1987 amendment, that rule allows for correction of sentence only upon remand of an appellate court or where the government brings changed circumstances to the court's attention by medium of its motion.

Moreover, there is no available evidence to demonstrate that the court erred in finding, following an evidentiary sentencing hearing, that defendant's previous convictions mandated the imposition of the enhanced sentence.[3]  Accordingly, the motion to reduce sentence must be denied.


2.  Motion for Writ or Certificate of Appealability, or Permission to File Late or Successive §§ 2255, document 67

---

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[3]It is clear that, as set forth in the court's sentencing memorandum (document 49), burglary convictions are to be considered violent felonies under the ACCA.  United States v. Field, 39 F.3d 15, 19-20 (1st Cir. 1994), cert. denied, 514 U.S. 1088 (1995).

2

Without detailing any grounds for relief, this pleading, docketed August 14, 1997, seeks the right to file an additional motion under 28 U.S.C. § 2255. The government objects. Document 68.

Defendant's sentence was imposed on April 6, 1992, and no appeal was filed. On April 24, 1996, 18 U.S.C. §§ 2255 was amended as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The amended statute provides for a one-year period of limitation on the filing of actions based on section 2255. The period runs from the latest of several occurrences, none of which apply here.[4]

---

[4]The relevant amendatory provision of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

Defendant had one year from the effective date of AEDPA (i.e., until April 25, 1997) to file his pleadings. Zuluaga v. United States, 971 F. Supp. 616, 619 (D. Mass. 1997). As he failed to file within this time period, he is not entitled to the relief which he here seeks.

Had the filing of defendant's motion been timely, the court would have been able to transfer the motion to the court of appeals.[5] Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). Because it was not timely filed, however, the motion must be and it is herewith denied.

3. Conclusion

For the reasons outlined, the motions of the defendant have been denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 29, 1998

cc:   United States Attorney
      United States Marshal
      United States Probation
      Steven Lavigne, pro se

_____

[5]AEDPA "closes the doors of the district court to a prisoner who wishes to file a second or successive petition unless and until he obtains advance clearance from the appropriate court of appeals." Rodriguez v. Superintendent, Bay State Correctional Center, Misc. No. 97-8068, slip op. at 4 (1st Cir. Mar. 23, 1998).