Sanders v. USA                    CV-97-73-SD    05/05/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Steven H. Sanders


        v.                              Civil No. 97-73-SD


United States of America



                        O R D E R


        This litigation is grounded on the Supreme Court's decision

in Bailey v. United States, 516 U.S. 137 (1995).  Therein, it was

held that the "use" prong of the violation detailed in 18 U.S.C.

§ 924(c)(1)[1] required proof of "actual employment of the firearm

by the defendant," id. at 143, including "brandishing,

displaying, bartering, striking with, and, most obviously, firing

or attempting to fire a firearm."  Id. at 148.

        Because many courts of appeal had adopted a more expansive

_____

        [1]18 U.S.C. § 924(c)(1) provides in relevant part:

            Whoever, during and in relation to any crime of
        violence or drug trafficking crime . . . for which
        he may be prosecuted in a court of the United
        States, uses or carries a firearm, shall, in
        addition to the punishment provided for such crime
        of violence or drug trafficking crime, be
        sentenced to imprisonment for five years, . . .
        nor shall the term of imprisonment imposed under
        this subsection run concurrently with any other
        term of imprisonment including that imposed for
        the crime of violence or drug trafficking crime in
        which the firearm was used or carried.

definition of "use,"[2] <u>Bailey</u> has led to the filing nationally of a host of post-conviction pleadings. This case is an example involving, as it does, a petition seeking relief pursuant to 28 U.S.C. § 2255.[3] Document 1. The government objects. Document 8.

## 1. Background

The unusual circumstances of this case arise from the October 19, 1991, shooting of Brenda Bayko Harnum in her apartment, a bullet lodging in her head causing her to remain in a vegetative state. Residents of the victim's apartment building implicated her boyfriend, Steven H. Sanders, in this shooting.

The apartment occupied by Sanders was searched pursuant to a warrant, and three firearms were found. The evidence did not support a finding that any one of these firearms was used in the shooting of Harnum.

Sanders was indicted on two counts that charged him with

---

[2] <u>See, e.g.</u>, <u>United States v. Wight</u>, 968 F.2d 1393, 1396 (1st Cir. 1992) (placing weapon nearby to protect a drug operation comes within "use" prong of 18 U.S.C. § 924(c)(1)).

[3] 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

possession of firearms by a convicted felon in violation of 18
U.S.C. § 922(g)(1),[4] Count I; and with using or carrying a
firearm during or in relation to a drug trafficking crime in
violation of 18 U.S.C. § 924(c)(1), Count II. He subsequently
entered his plea of guilty with respect to Count I, and also to
the "use" prong of section 924(c)(1) set forth in Count II.

A sentencing hearing was held, at which 18 witnesses
testified. The court found by a preponderance of the evidence
that Sanders shot Harnum and that the shooting was not an
accident. Sanders was sentenced to imprisonment for 25 years on
Count I of the indictment and was also sentenced to the mandatory
consecutive five-year term on Count II of the indictment.[5] His
challenge to this sentence was rejected on direct appeal. United
States v. Sanders, 982 F.2d 4 (1st Cir. 1992).

The instant section 2255 petition was filed on February 18,
1997. It attacks the sentence imposed on Count II under the
"use" prong of 18 U.S.C. § 924(c)(1).


2. Discussion

   a. The Effect of the Guilty Plea

   The government argues that by pleading guilty petitioner has

---

[4]18 U.S.C. § 922(g)(1) proscribes in relevant part the
possession of a firearm by any person who has been convicted in
any court of a crime punishable by imprisonment for a term
exceeding one year.

[5]The court also imposed a special assessment of $100 and
ordered that upon release from imprisonment the defendant should
serve a five-year term of supervised release.

waived his right to collaterally attack the sentence imposed pursuant to 18 U.S.C. § 924(c)(1).

Generally speaking, a voluntary and intelligent guilty plea forecloses later attempts to challenge the sentence, as the plea serves not only to admit the conduct charged in the indictment, but also to concede guilt of the substantive crime. United States v. Broce, 488 U.S. 563, 570 (1989). But see id. at 574-75 (noting exceptions). But since a plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts," McCarthy v. United States, 394 U.S. 459, 466 (1969), such a plea is involuntary where the defendant lacks knowledge of one of the elements required for conviction. Henderson v. Morgan, 426 U.S. 637, 644-45 & n.13 (1976).

The Bailey case had yet to be decided when petitioner entered his plea in this court. Accordingly, the fact that Sanders was convicted on a guilty plea rather than after a trial does not prevent him from challenging his conviction in light of Bailey. Triestman v. United States, 124 F.3d 361, 367-68 & n.6 (2d Cir. 1997); In re Hanserd, 123 F.3d 922, 926-28 (6th Cir. 1997); Lee v. United States, 113 F.3d 73, 75 (7th Cir. 1997); United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996).

It follows that the petition before the court is not barred by waiver arising from the petitioner's guilty plea.

b.  The Retroactivity of Bailey

Relative to the prior law of this circuit regarding the

4

"use" of a firearm for purposes of section 924(c)(1), Bailey announced a new rule of substantive law, making its retroactive application appropriate. Davis v. United States, 417 U.S. 333, 345-47 (1974); Stanbeck v. United States, 113 F.3d 651, 654-55 & n.2 (7th Cir. 1997); United States v. Barnhardt, supra, 93 F.3d at 708-09; United States v. Garcia, 77 F.2d 274, 276-77 (9th Cir. 1996). See also United States v. Joseph, 109 F.3d 34, 36 (1st Cir. 1997) (assuming without deciding that Bailey applies retroactively); id. n.2 (collecting cases).

c. The Effect of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

AEDPA became effective on April 24, 1996, amending the statutes governing habeas corpus petitions for prisoners in both state and federal courts and imposing a one-year statute of limitations period on the filing of all noncapital habeas petitions in the federal courts. 28 U.S.C. §§ 2254(d)(1), 2255. Certain exceptions not here applicable may serve to extend this period; otherwise, the limitation period commences on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.

There is little doubt that petitioner's conviction became final prior to the effective date of AEDPA. He therefore had one year from such effective date (i.e., until April 25, 1997) to file his section 2255 petition. Zuluaga v. United States, 971 F. Supp. 616, 619 (D. Mass. 1997). As his petition was filed on

5

February 18, 1997, it is not barred by the provisions of AEDPA.


3.  Conclusion

Petitioner Steven Sanders is entitled to have his Count II conviction on the "use" prong of section 924(c)(1) vacated.  He is not entitled to have Count II of the indictment dismissed, as it is the prerogative of the government on assessing its evidence on the "carry" prong of the statute to decide whether it wishes to dismiss that count or to proceed further with prosecution thereon.  See Lee v. United States, supra, 113 F.3d at 77.

Accordingly, it is ordered that the sentence which was previously imposed under Count II of the indictment on the "use" prong of 18 U.S.C. § 924(c)(1) is herewith vacated.  All other terms and conditions of the originally imposed sentence are to remain in full force and effect.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

May 5, 1998

cc:   United States Attorney
      United States Marshal
      United States Probation
      M. Kristin Spath, Esq.

6