Rogers v. USA                    CV-97-300-SD  05/13/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Scott N. Rogers


        v.                          Civil No. 97-300-SD


United States of America


O R D E R


    Scott N. Rogers moves for relief pursuant to the provisions of 28 U.S.C. § 2255.[1]  Document 1.  The government has moved to dismiss.  Document 7.  Finding the motion to be untimely filed, the court denies same.


1.  Background

    Following jury trial held in May of 1990, petitioner was convicted on a single-count indictment charging him with being a

---

    [1]28 U.S.C. § 2255 provides in relevant part:

        A prisoner in custody under sentence of a
        court established by Act of Congress claiming
        the right to be released upon the ground that
        the sentence was imposed in violation of the
        Constitution or laws of the United States, or
        that the court was without jurisdiction to
        impose such sentence, or that the sentence
        was in excess of the maximum authorized by
        law, or is otherwise subject to collateral
        attack, may move the court which imposed the
        sentence to vacate, set aside or correct the
        sentence.

felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[2] Pursuant to its preannounced intention, the government sought to have Rogers sentenced pursuant to the enhanced penalty provisions of 18 U.S.C. § 924(e)(1).[3] Such sentence was subsequently imposed on the plaintiff.

Rogers' challenge to his conviction was affirmed on appeal. United States v. Rogers, 41 F.3d 25 (1st Cir. 1994), cert. denied, 515 U.S. 1126 (1995). Claiming ineffective assistance of counsel, he filed this section 2255 petition on June 16, 1997.

## 2. Discussion

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. Law. No. 104-132, 110 Stat. 1214 (AEDPA). Inter alia, that statute amended 28 U.S.C. § 2255 by inserting for the first time a one-year statute of limitations applicable to motions filed thereunder. The limitation period set forth

> shall run from the latest of--
>     (1) the date on which the judgment becomes
> final;
>     (2) the date on which the impediment to making
> a motion created by governmental action in
> violation of the Constitution or laws of the

---

[2]18 U.S.C. § 922(g) makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce any firearm or ammunition.

[3]18 U.S.C. § 924(e)(1) imposes a 15-year mandatory sentence of imprisonment on any violator of 18 U.S.C. § 922(g)(1) who has three previous convictions for a violent felony or a serious drug offense or both committed on occasions different from one another.

2

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.[4]

While AEDPA does not apply to motions to vacate that were pending on its effective date, David v. United States, 134 F.3d 470, 473 & n.1 (1st Cir. 1998), it clearly applies here, where the motion was not filed until June 16, 1997. The date of filing is beyond the 12-month grace period (to April 24, 1997), which has been generally granted in cases of this type. Zuluaga v. United States, 971 F. Supp. 616, 619 (D. Mass. 1997). Accordingly, the court here lacks jurisdiction, and the motion must be and it is herewith denied.


3. Conclusion

For the reasons outlined, the court has found that the instant motion is barred by the limitation provisions of AEDPA. The result herein reached renders moot all other pending

---

[4]Movant here concedes that only the first subparagraph, concerning the date of finality of conviction, could possibly have application to this case. That date was June 5, 1995.

3

pleadings in this litigation.  The clerk of court shall enter judgment accordingly.

    SO ORDERED.


                                                _____
                                                Shane Devine, Senior Judge
                                                United States District Court

May 13, 1998

cc:     Gordon R. Blakeney, Jr., Esq.
        United States Attorney
        United States Marshal
        United States Probation