**UNITED STATES of America,**

v.

**Kemba Niambi SMITH, Petitioner.**

**Criminal No. 2:93CR162.**

United States District Court,
E.D. Virginia,
Norfolk Division.

June 5, 1997.

Gerald Zwerkin, Richmond, VA, for petitioner.

## MEMORANDUM AND FINAL ORDER

DOUMAR, District Judge.

Before the Court is Kemba Niambi Smith's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, filed April 23, 1997. In light of the recent amendments to § 2255, the Court concludes that this Motion has been time-barred. Accordingly, the Motion is **DISMISSED.**

Petitioner pled guilty on October 17, 1994 to three counts of an indictment charging conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 846, conspiracy to launder money in violation of 18 U.S.C. §§ 371, 1956(a)(1)(B)(i), and making or concealing materially false facts or statements to a federal agent in violation of 18 U.S.C. § 1001. The Honorable Richard Kellam entered judgment against Smith on April 21, 1995, and Smith was sentenced to a term of 294 months. Smith appealed her conviction to the Court of Appeals for the Fourth Circuit, and that appeal was dismissed by order dated July 19, 1995.

Petitioner has now filed the instant motion, asking that her sentence be vacated, set aside, or corrected. She argues: (1) That her guilty plea was not knowing and voluntary and that she was incompetent at the time of the guilty plea; (2) that the Government breached the plea agreement; (3) that her sentence is unlawful and excessive; (4) that her sentence should be vacated because it is unconstitutionally based upon a distinction between crack cocaine and powder cocaine; and (5) that she received ineffective assistance of counsel.

The laws governing Section 2255 motions have recently been amended. On April 24, 1996, the President signed Public Law No. 104–132, entitled the "Antiterrorism and Effective Death Penalty Act of 1996." Pub.L. No. 104–132, 110 Stat. 1214 (1996). Among this Act's provisions are substantial changes to § 2255. Relevant to this Motion, the Act amended § 2255 by adding the following language:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

. . . . .

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

This Court recently held that these amendments do not contain a grace period in which prisoners are given additional time to file, and that the limitations period took effect immediately upon the date of enactment. *Clarke v. United States,* 955 F.Supp. 593 (E.D.Va.1997) (publication forthcoming). Thus, to determine whether the petitioner timely filed her Section 2255 motion, the Court must measure one year from the most recent date provided by subsections (1) through (4) of Section 2255.

Smith appealed her January 1995 conviction. The appeal was dismissed by the Court of Appeals for the Fourth Circuit on July 19,

1995. She could petition for a writ of certiorari to the Supreme Court within ninety days of July 19, 1995. October 17, 1995 is thus the latest possible date her conviction could be regarded as becoming final. Smith has not alleged any government impediment blocking her action, and she has not alleged discovery of any new evidence that was previously unavailable to her. Smith has not claimed the benefit of any subsequently decided Supreme Court cases that established a new right. Accordingly, Smith meets none of the criteria for extending the period during which she could file a motion based on Section 2255. Accordingly, her claim filed April 23, 1997 was not timely filed under the new limitations period, and it is ordered **DISMISSED.**

This Court is aware that the Attorney General has ordered all United States Attorneys to concede that the AEDPA contains a one-year grace period that allows prisoners to file petitions pursuant to § 2255 for up to one year after the enactment of the AEDPA regardless of the date of their conviction. The Attorney General apparently bases her decision not upon legal precedent or analysis, but upon her belief that the AEDPA would otherwise be unfair. This Court is exceedingly troubled by her position.

The Court fears that the Attorney General's directive marks the beginning of a slide down a treacherous slippery slope. The Attorney General effectively has vitiated a law passed by Congress and signed by the President because of her perception that the law is unfair to convicted criminals incarcerated in federal institutions. Concededly, she may not be alone in her beliefs. Nevertheless, the Attorney General's job is to enforce the laws of the United States despite her own dissenting views. If Congress desired that prisoners be given a grace period, it could have enacted one. It did not. If Congress mistakenly failed to include an intended grace period because of an oversight, it could amend the law to include one. Congress has taken no such action.

The undersigned occasionally thinks that particular applications of law are unfair. For example, the sentences routinely imposed for drug offenses are excessively stiff; the penalties for crack cocaine involvement are staggeringly exorbitant. For example, applying the Sentencing Guidelines in this case generated a range of 262 to 327 months for a woman who had no prior criminal history, who had arguable extenuating circumstances mitigating the severity of her conduct, and who had never actually handled drugs. The undersigned cannot say with resounding conviction that this result mandated by law is fair. But when a result is required by the law, the law as established by Congress must be applied faithfully. When the executive branch refuses to enforce laws because of a vague sense that the laws may be unfair, the executive end runs the legislative's domain in making the law and the judiciary's domain in interpreting the law.

The case in which this Court first held the AEDPA immediately effective is currently pending on appeal before the Court of Appeals for the Fourth Circuit. Other Judges in this District and elsewhere also have held that the amendments were immediately effective. Yet, the Government has indicated that it will confess error in this case. Because this issue is an important one which should receive proper, evenhanded consideration, the Attorney General's refusal to provide the Court of Appeals with a defense of precedent in its own favor is all the more troubling.

This Court will continue to hold Section 2255 petitions such as this one time-barred until directed to do otherwise. The plaintiff is ADVISED that she may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the clerk within thirty (30) days of the date of this order.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner. Because the *Clarke* case cited above may not yet be available to inmates, the Clerk is also **REQUESTED** to send Petitioner a copy of this Court's opinion in *Clarke*.

**IT IS SO ORDERED.**