1999 ME 108

David **FINCH**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued June 8, 1999.

Decided July 9, 1999.

As Corrected Sept. 1, 1999.

Joanne Kroll (orally), Rockland, for the Defendant.

Andrew Ketterer, Attorney General, Charles K. Leadbetter, Asst. Atty. Gen. (orally), Augusta, for the State.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

SAUFLEY, J.

[¶ 1] David Finch appeals from a judgment entered in the Superior Court (Penobscot County, *Studstrup, J.*) summarily dismissing, as untimely, his petition for post-conviction review. Finch contends that the one-year grace period established by 15 M.R.S.A. § 2128 (Supp.1998), which enacted a one-year statute of limitations for filing petitions for post-conviction review, was insufficient to protect his right to due process. We affirm.

## I. BACKGROUND

[¶ 2] On February 6, 1996, Finch pled guilty, in Penobscot County Superior Court (*Marsano, J.*), to multiple criminal charges stemming from three separate actions, two of which arose in Penobscot County and one of which arose in Hancock County. The sentence entered resulted from a plea agreement with the District Attorney's Office. Finch did not appeal from the judgments entered, *see* 15 M.R.S.A. § 2115 (Supp.1998), or apply for review of the sentences imposed, *see* 15 M.R.S.A. § 2151 (Supp.1998).

[¶ 3] Twenty months later, in October of 1998, Finch filed a petition for post-conviction review challenging his 1996 convictions.[1] The petition alleged ineffective assistance of counsel based on his attorney's failure to adequately represent and

1. Finch dated the petition October 9, 1998, but it was not filed with the Superior Court until October 15, 1998. Finch contends that we should adopt the "prison mailbox rule," whereby "a notice of appeal is deemed timely filed when an inmate deposits the notice in the prison mail system prior to the expiration of the filing deadline." *Moore v. U.S.*, 173 F.3d 1131, 1135 (8th Cir.1999) (citing *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct.

counsel Finch regarding the consequences of his plea agreement.

[¶ 4] The Superior Court issued a post-conviction assignment order assigning the matter to the regular criminal docket for consideration on its merits. Shortly thereafter, however, the Superior Court vacated its order and summarily dismissed Finch's petition, concluding that the petition had not been timely filed pursuant to a recent amendment to 15 M.R.S.A. § 2128.

[¶ 5] Finch then filed a motion for reconsideration of the Superior Court's order summarily dismissing his petition. Because there had been no specific statute of limitations on the filing of post-conviction petitions at the time that he was sentenced, Finch contended that the application of the new limitation violated his due process rights and the prohibition against *ex post facto* laws.[2] The Superior Court denied the motion for reconsideration, concluding that the amendment did not violate due process because "it was, specifically crafted to ensure that prisoners convicted prior to enactment and signing of the new law would have sufficient time to file their petitions before the S.O.L. became effective." Finch filed a petition for certificate of probable cause, pursuant to 15 M.R.S.A. § 2131 (Supp.1998), seeking reinstatement of consideration on the merits of his petition for post-conviction review. We granted the certificate of probable cause to determine whether any of Finch's constitutional rights had been violated by the application of 15 M.R.S.A.

2379, 101 L.Ed.2d 245 (1988)). Without deciding whether we would adopt the mailbox rule, we will assume for purposes of this appeal that Finch's petition was filed on October 9, 1998.

2. *See* U.S. Const. art. I, § 10, cl. 1; Me. Const. art. I, § 11.

3. The reference is to the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA) that establish the time limitation for applications for writs of habeas corpus by persons in custody pursuant to a state law judgment. The Act provides that:
(d)(1) a 1–year period of limitation shall apply to an application for a writ of habeas

§ 2128 to his petition for post-conviction review.

## II. DISCUSSION

[¶ 6] Prior to 1997, the statute limiting the time in which petitions for post-conviction review may be filed was essentially a statutory application of the equitable doctrine of laches. It provided that:

[a] petition may be dismissed if it appears that by delay in its filing the State has been prejudiced in its ability to respond to the petition or to retry the petitioner, unless the petitioner shows that it is based on grounds of which the petitioner could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the State occurred. If the delay is more than 5 years following the final disposition of any direct appeal to the Maine Law Court or if an appeal is not taken within 5 years following the running of the period within which that appeal must have been initiated, prejudice is presumed, although this presumption is rebuttable by the petitioner.

15 M.R.S.A. § 2128(5) (1995), *repealed by* P.L.1997, ch. 399, § 3 (effective September 19, 1997).

[¶ 7] In 1997, the Legislature adopted a filing deadline for petitions for post-conviction review "modeled after the federal habeas corpus statute, 28 United States Code, section 2244." L.D. 1533, Summary (118th Legis.1997).[3] The new filing deadline is provided as follows:

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

**5. Filing deadline for direct impediment.** A one-year period of limitation applies to initiating a petition for post-conviction review seeking relief from a criminal judgment under section 2124, subsection 1 or 1–A. The limitation period runs from the latest of the following:

A. The date of final disposition of the direct appeal from the underlying criminal judgment or the expiration of the time for seeking the appeal;

B. The date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review; or

C. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed petition for writ of certiorari to the Supreme Court of the United States with respect to the same criminal judgment is pending is not counted toward any period of limitation under this subsection.

**6. Filing deadline for indirect impediment.** A one-year period of limitation applies to initiating a petition for post-conviction review seeking relief from a criminal judgment under section 2124, subsection 3. The limitation period runs from the date of imposition of a sentence for the new crime resulting in the indirect impediment.

15 M.R.S.A. § 2128(5), (6).

[¶ 8] To ensure fairness, the Legislature established a one-year grace period before the new statute of limitations would apply, *see* L.D. 1533, Summary (118th Legis.1997), which reads as follows:

A petition filed within the one year following the effective date of this Act is not subject to the new filing deadline, but remains subject to the provisions of former section 2128, subsection 5 relating to delay.

P.L.1997, ch. 399, § 5 (effective September 19, 1997). The grace period allowed prisoners convicted prior to the Act's effective date a full year after its enactment within which to file a petition. A prisoner must therefore file his petition for post-conviction review within one year of the triggering events set forth in section 2128(5) or within one year of the effective date of the new limitation, September 19, 1998, whichever is later. Because September 19, 1998, is later than the one-year anniversary of his conviction, February 6, 1997, Finch had until September 19, 1998, to file his petition. He did not file a petition until October 9, 1998.

[¶ 9] Recognizing that *ex post facto* considerations do not apply to post-conviction proceedings,[4] Finch abandoned his argument on this point, but urges us to determine that the retroactive application of 15 M.R.S.A. § 2128 unconstitutionally deprives him of due process by establishing a time bar to his right to file a petition

---

and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d) (1994 & Supp.1999).

4. *See State v. Joubert,* 603 A.2d 861, 868–69 (Me.1992) (relying on *Collins v. Youngblood,*

497 U.S. 37, 41, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990)). *See also Libby v. Magnusson,* 177 F.3d 43, 46 (1st Cir.1999) (time limits on second or successive habeas petitions do not violate *Ex Post Facto* Clause); *Velasquez v. United States,* 4 F.Supp.2d 331, 334 n. 3 (S.D.N.Y.1998); *Rashid v. Khulmann,* 991 F.Supp. 254, 260 (S.D.N.Y.1998); *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638, 643 n. 8 (1998) (enactment of one-year time limit for filing post-conviction relief petition did not fall within any category of actions prohibited by *Ex Post Facto* Clause).

for post-conviction review. "Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Because an individual may not be deprived of life, liberty, or property, without due process of law, " 'all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts.' " *Ross v.. Artuz,* 150 F.3d 97, 100 (2d Cir.1998) (quoting *Wilson v. Iseminger,* 185 U.S. 55, 62, 22 S.Ct. 573, 46 L.Ed. 804 (1902)). Statutes of limitation, newly enacted, which shorten the time for filing or extinguish existing claims may deprive a party of due process through retroactive application. *See id.* (citations omitted). The presumption against retroactive legislation is deeply rooted in the jurisprudence of the United States. *See Landgraf,* 511 U.S. at 265, 114 S.Ct. 1483. Anti-retroactivity principles can be found in the *Ex Post Facto* Clause, the prohibition against Bills of Attainder, and due process concepts of fair notice. *See id.* at 266, 114 S.Ct. 1483.

█ [¶ 10] When determining whether a statute is retroactive in nature, "familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." *Id.* at 270, 114 S.Ct. 1483. A statute that purports to extinguish the existing rights of a claimant without affording a reasonable opportunity for the exercise of those rights, may be held to be

> "an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions. *It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action."*

*Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982)

(quoting *Iseminger,* 185 U.S. at 62–63, 22 S.Ct. 573) (emphasis added).

[¶ 11] Had the statute of limitations established by section 2128 been woodenly applied to Finch, he would have been required to have filed a petition within a year of the expiration of the time for filing a direct appeal from the judgments entered, that is, on or before February 26, 1997, seven months *before* the effective date of the new limitation. Effectively the application of the statute in that manner would have barred Finch's opportunity to petition for post-conviction review immediately upon its enactment.

[¶ 12] Recognizing, however, that the amendments to section 2128 would automatically cut off the rights of certain prisoners to petition for post-conviction review, the Legislature looked to the experience of the federal courts in fashioning a reasonable remedy to the problem and enacted a grace period which reflected reasonableness considerations discussed at length in the opinions of federal courts.

[¶ 13] Unlike 15 M.R.S.A. § 2128, the federal statute of limitations on filing a petition for habeas corpus fails to provide a window in which individuals sentenced before it was effective may file such a petition. *See* 28 U.S.C. § 2244. Federal courts have therefore been forced to establish guideposts for reasonableness in the application of the statute. In order to avoid possible constitutional deficiencies resulting from its retroactive effect, federal courts "have read [the statute] to include a 'reasonable time' after its effective date ... during which prisoners whose convictions had already become final could file their collateral attacks in federal court." *United States v. Timber,* 7 F.Supp.2d 1356, 1358 (N.D.Ga.1998). *See, e.g., Rogers v. United States,* 180 F.3d 349 (1st Cir.1999); *Libby v. Magnusson,* 177 F.3d 43 (1st Cir.1999).[5] Each of these

---

**5.** Among the circuits addressing the question of a "reasonable time," two different views have emerged. *See Timber,* 7 F.Supp.2d at 1359. Several circuits adopted the firm rule that one year from the effective date of the

statute constitutes a reasonable time. *See id.* (citing *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir.1998); *Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998); *Calderon v. Unit-*

courts determined that providing individuals previously convicted of crimes a full year to file their habeas corpus petitions was sufficient to avoid any potential constitutional deficiencies.

[¶ 14] By adopting a one-year grace period within which individuals convicted of crimes before the enactment of 15 M.R.S.A. § 2128 could file a petition for post-conviction review, the Legislature avoided the possible deprivation of due process and assured that prisoners convicted prior to the statute's enactment are afforded no less protection than individuals convicted of crimes after its enactment. Finch has failed to demonstrate that anything longer than the one-year grace period was necessary to preserve a reasonable opportunity for him to exercise his rights to file a petition for post-conviction review.

[¶ 15] We therefore conclude that the provisions of 15 M.R.S.A. § 2128 establishing a one-year statute of limitations for filing petitions for post-conviction review do not deprive prisoners sentenced before its effective date of due process because they provided those prisoners a full year after its enactment within which to file a petition.

The entry is:

Judgment of the Superior Court dismissing the petition for post-conviction review is affirmed.

---

*ed States*, 128 F.3d 1283, 1286–87 (9th Cir. 1997); *United States v. Simmonds*, 111 F.3d 737 (10th Cir.1997)). *See also Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999); *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1211 (11th Cir.1998). The Second Circuit originally referenced a more flexible approach to the analysis of what constitutes a reasonable time for prisoners to file their collateral attacks. *See Timber*, 7 F.Supp.2d at 1359 (citing *Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997) (declining to adopt a rigid one-year period and finding no need to provide a full year where a prisoner had several years to contemplate filing a petition for federal habeas corpus)). The Second Circuit has since expressly adopted the firm rule that a one-year grace period is a reasonable time. *Ross*, 150 F.3d at 101.