STATE OF MAINE

KNOX, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-01-323

STEVEN SCHOFF, JR.,

Petitioner

v.

STATE OF MAINE,

Respondent

**DECISION ON POST
CONVICTION REVIEW**

This matter comes before the court on a petition by Steven Schoff, Sr. seeking post-conviction review of his conviction and sentencing on the charge of assault. Petitioner pled guilty to the charge in the District Court and was sentenced to 60 days of incarceration. The court also ordered that the sentence be served consecutive to CR-96-647 and that the controlling sentence would be "interrupted" to allow the 60 days to be served in the middle rather than at the end of that sentence. Presumably such arrangement, if it were possible, would be of advantage to the petitioner. The sentence has now been served and the petitioner has been discharged.

A review of the docket sheets reveals that the sentence in this matter was imposed on April 25, 2000. On July 27, 2000, the petitioner filed a motion to withdraw his guilty plea when he learned that the Department of Corrections would not interrupt the sentence he was serving to serve the 60-day "consecutive" new sentence. The motion was ultimately heard and, whether the sentence was legal even as amended, the Department of Corrections has credited the petitioner with having served that sentence.

The petitioner has alleged ineffective assistance of counsel, that his sentence was illegal, and that the sentence was subsequently illegally amended. However, before the court can consider the merits of these allegations, it must first consider two issues which

are jurisdictional in nature.[1] These issues are whether the petitioner is still under an impediment from the conviction and whether the petition was filed within the statutory limitation period. With regard to the impediment issue, the petitioner's only response was during oral argument was a general statement that some benefits within the prison were not available or not available as quickly because of this conviction. Specific benefits were never listed or explained, and the court has some question as to whether they would be an "impediment" in the sense that the Legislature intended.

Even if the petitioner had been able to satisfactorily establish that he was under an impediment at the time that he filed the petition, he would still run afoul of the statute of limitations. Pursuant to 15 M.R.S.A. § 2128(5-6) (Supp. 2002), there is a one-year statute of limitation on the filing of post-conviction review petitions, which has been validated by the Law Court. *Finch v. State*, 736 A.2d 1043 (Me. 1999). This statute sets out various times from which the limitation period will begin to run. In the present case, the trigger date would be the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. In other words, at what time did the petitioner learn that the sentence likely had been imposed in an illegal manner and that the Department of Corrections was not going to credit his sentence in the manner in which he had anticipated. While it is difficult to know exactly when that date occurred, it clearly occurred prior to July 27, 2000, when he filed his motion to withdraw his plea based on this same issue of the legality of the sentence. This means that at the latest the petitioner would have had to have filed his petition prior to July 27, 2001, in order to be within the statutory limitations. The running of

---

[1] These issues were part of the respondent's motion to dismiss filed at the same time as its answer. That motion was ultimately denied for want of prosecution when the parties neglected to file briefs. However, since these issues go to the jurisdiction of the court to conduct the requested review, they were not extinguished by the denial of the previous motion on procedural grounds.

appellate periods has no effect upon this issue. When the petitioner filed his petition on October 11, 2001, it was beyond the statutory period and must be dismissed.

For the reasons stated above, the entry will be:

Petition DISMISSED.

Dated: April 28, 2003

_____
S. Kirk Studstrup
Justice, Superior Court

Petitioner's Attorney:
Thomas Shehan, Jr., Esq.
PO Box 1123
Belfast ME  04915

Respondent's (State's)Attorney:
Geoffrey Rushlau, Esq.
District Attorney
Knox County Courthouse
62 Union Street
Rockland ME  04841