STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CIVIL ACTION
                                                  Docket No. CR-11-563
                                                  NM - KEN - 9/9/2012

THOMAS CASTLE,

        Petitioner

        v.                                        ORDER ON STATE'S MOTION
                                                  TO DISMISS AND
                                                  PETITIONER'S MOTION TO
STATE OF MAINE,                                   EXTEND TIME

        Respondent


Before the court is the State's motion to dismiss the petition for post-conviction review and the petitioner's second motion to extend time. For the following reasons, the State's motion to dismiss is denied and the petitioner's motion to extend time is granted.

One June 7, 2010, the petitioner pleaded guilty to criminal charges in a Rule 11 proceeding. He was sentenced that day. On June 24, 2011, the petitioner filed a motion to extend the time within which to file a petition for post-conviction review. The motion was denied on 7/7/11. The petitioner filed a second motion to extend the time within which to file a petition. The court did not act on the second motion. The petitioner filed a petition for post-conviction review on 7/21/11.

The State argues the petition should have been filed by 6/8/11. Even allowing for a 21-day period of appeal, which is not available on a plea of guilty, the State argues the petition should have been filed on 6/28/11. The State argues that because the petition was filed beyond the one-year limit and the time limit is jurisdictional, the court is "without jurisdiction to hear this post-conviction." (Resp. Mot. 2.); 15 M.R.S. § 2128(5).

The petition for post-conviction review filing deadline was adopted in Maine in 1997 and is "modeled after the federal habeas corpus statute, 28 United States code, section 2244." Finch v. State, 1999 ME 108, ¶ 7, 736 A.2d 1043 (quoting L.D. 1533, Summary (118th Legis. 1997). The U.S. Supreme Court has stated, while discussing the deadline imposed by the federal habeas corpus statute, "a statute of limitations defense . . . is not 'jurisdictional.'" Day v. McDonough, 547 U.S. 198, 205 (2006). Accordingly, the court declines to grant the motion to dismiss, especially considering the reasons stated by the petitioner in his second motion to extend time.

The entry is

> The State's Motion to Dismiss is DENIED.
>
> The Petitioner's Second Motion to Extend Time is GRANTED. The time within which to file the petition is extended to 7/21/11.

Date: August 9, 2012

Nancy Mills
Justice, Superior Court

## DOCKET RECORD

PL. DOB: 12/03/1957
PL. ATTY: DAVID PARIS                          State's Attorney: EVERT FOWLE
         72 FRONT STREET
         BATH ME 04530-2657
         APPOINTED 10/20/2011

Filing Document: PETITION                      Major Case Type: POST CONVICTION REVIEW
Filing Date: 07/21/2011

## Charge(s)

## Docket Events:

07/28/2011 FILING DOCUMENT -  PETITION FILED ON 07/21/2011

07/28/2011 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 07/28/2011

10/18/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 09/29/2011
          WILLIAM R ANDERSON , JUSTICE
10/18/2011 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/21/2011

10/20/2011 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/19/2011
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
10/20/2011 Party(s):  THOMAS M CASTLE
          ATTORNEY -  APPOINTED ORDERED ON 10/20/2011

          Attorney:  DAVID PARIS
11/01/2011 ORDER -  TRANSCRIPT ORDER FILED ON 11/01/2011

          Attorney:  DAVID PARIS
          PLEA AND SENTENCING
12/28/2011 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 12/27/2011

05/07/2012 MOTION -  MOTION TO DISMISS FILED BY STATE ON 05/03/2012

05/07/2012 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 05/03/2012

05/07/2012 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/03/2012

05/07/2012 ORDER -  TRANSCRIPT ORDER FILED ON 05/03/2012

05/07/2012 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 05/03/2012
          NANCY  MILLS , JUSTICE
05/08/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME SCHEDULED FOR 05/29/2012 at 03:00 p.m.
          NANCY  MILLS , JUSTICE
          NOTICE  TO PARTIES/COUNSEL
05/08/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME NOTICE SENT ON 05/08/2012

05/29/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME CONTINUED ON 05/29/2012

06/20/2012 HEARING - MOTION FOR ENLARGEMENT OF TIME SCHEDULED FOR 07/09/2012 at 03:00 p.m.
            NANCY MILLS , JUSTICE
            NOTICE  TO PARTIES/COUNSEL
06/20/2012 HEARING - MOTION FOR ENLARGEMENT OF TIME NOTICE SENT ON 06/20/2012


07/11/2012 HEARING - MOTION FOR ENLARGEMENT OF TIME HELD ON 07/09/2012
            NANCY MILLS , JUSTICE
            Attorney: DAVID PARIS
            DA:  PAUL RUCHA
            PHONE CONFERENCE
07/11/2012 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 07/09/2012
            NANCY MILLS , JUSTICE
            Attorney: DAVID PARIS
            DA:  PAUL RUCHA
07/11/2012 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 07/09/2012
            NANCY MILLS , JUSTICE
            AFTER TELEPHONE CONFERENCE, STATE'S MOTION TO EXTEND GRANTED OVER OBJECTION.  COPY TO ATTY
            PARIS AND ADA RUCHA
07/11/2012 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 07/09/2012
            NANCY MILLS , JUSTICE
            EVIDENTIARY HEARING: 2 TO 4 HOURS.                          COPY TO ATTY
            PARIS AND ADA RUCHA
07/12/2012 HEARING - MOTION TO DISMISS SCHEDULED FOR 07/18/2012 at 02:00 p.m.
            NANCY MILLS , JUSTICE
            NOTICE  TO PARTIES/COUNSEL
07/12/2012 HEARING - MOTION TO DISMISS NOTICE SENT ON 07/12/2012


07/12/2012 WRIT - HABEAS CORPUS TO PROSECUTE ORDERED ON 07/12/2012


07/12/2012 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 07/12/2012


            CERTIFIED COPY TO SHERIFF DEPT.
07/19/2012 MOTION - OTHER MOTION FILED BY STATE ON 07/19/2012


            DA:  PAUL RUCHA
            MOTION FOR COURT ORDER REQUIRING ATTORNEY TO PROVIDE INFORMATION TO THE    STATE'S ATTY.
07/20/2012 MOTION - OTHER MOTION GRANTED ON 07/19/2012
            NANCY MILLS , JUSTICE
            MOTION FOR COURT ORDER REQUIRING ATTORNEY TO PROVIDE INFORMATION TO THE    STATE'S ATTY.
08/16/2012 MOTION - MOTION FOR EXTENSION OF TIME FILED BY PETITIONER ON 05/03/2012


08/16/2012 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 08/09/2012
            NANCY MILLS , JUSTICE
            COPY TO PARTIES/COUNSEL
08/16/2012 HEARING - MOTION TO DISMISS HELD ON 07/18/2012
            NANCY MILLS , JUSTICE
            Attorney: DAVID PARIS
            DA:  PAUL RUCHA
            Defendant Present in Court
08/16/2012 MOTION - MOTION TO DISMISS DENIED ON 08/09/2012
            NANCY MILLS , JUSTICE
            COPY TO PARTIES/COUNSEL

08/16/2012 ORDER - COURT ORDER FILED ON 08/09/2012
NANCY MILLS , JUSTICE
ORDER ON STATE'S MOTION TO DISMISS AND PETITIONER'S MOTION TO EXTEND TIME

A TRUE COPY
ATTEST: _____
Clerk

STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-11-563
*NM-KEN - 1/7/2013*

THOMAS CASTLE

      Petitioner

  v.

STATE OF MAINE

ORDER ON PETITION
FOR POST-CONVICTION
REVIEW

On 6/6/10, the petitioner pleaded guilty in CR-10-122 to counts 1 and 2 of the indictment, possession of sexually explicit materials, class C, and counts 5 - 10, gross sexual assault, class A. The victims of the gross sexual assault charges were the petitioner's daughters. Counts 3, 4, 11, and 12 were dismissed. On count 5, the petitioner received a sentence of fifteen years, all but seven years suspended, and twelve years of probation. He received a sentence of five years on the other counts. All sentences were to be served concurrently.

The petitioner alleges he received ineffective assistance of counsel because counsel did not conduct an adequate pretrial investigation, did not file various pretrial motions, and coerced the petitioner to enter a plea that was not voluntarily, intelligently, and knowingly entered. For the following reasons, the petition is denied.

FINDINGS

Trial counsel was called to help the defendant at a bail argument in February 2010 and was appointed to represent the petitioner on 4/6/10. Trial counsel's investigation of the charges included interviewing the petitioner and family members, reviewing discovery, and reviewing the sexually explicit materials, including viewing a video. He spoke with the petitioner's middle daughter, Holly Castle, who was not one

1

of the victims named in the indictment. She never denied that this conduct happened and said she had heard about such conduct all her life. The petitioner told his attorney that if the girls said it happened, it happened. He also admitted that he knew the children in the sexually explicit materials were underage as alleged in the indictment. During his interview, the petitioner corroborated the genital-to-genital contact with his daughters and that he was caught by his wife.

Trial counsel met with the petitioner several times, according to his billing records. He also spoke to the daughters named as victims. Both gave a statement to the police, which outlined their potential testimony. (Pet.'s Exs. 1-2.) Trial counsel's investigation revealed that the abuse took place on an ongoing basis, all the time, in Gardiner, Dresden, and other places. According to the victims, the sexual abuse was a way of life for them. Counsel was fearful that many more changes could have been brought against the petitioner.

Counts 5, 6, and 7 involve allegations of gross sexual assault between 8/30/90 and 8/29/91, 8/30/91 and 8/29/92, and 8/30/92 and 8/29/93 against Dawn Frith when she was under the age of 14. Her birth date is 8/30/81. Counts 8, 9, and 10 involve allegations of gross sexual assault between 8/2/97 and 8/1/98, 8/2/98 and 8/31/98, and 1/1/99 and 8/2/99[1] against Robin Castle Jackson when she was under the age of 14. Her birth date is 8/2/87, according to the Rule 11 transcript, and 8/7/87 according the police report. (Rule 11 Tr. 11; Pet.'s Ex. 2.)

Trial counsel filed a motion to enlarge the time to file motions on 4/8/10 and filed a motion to suppress on 4/16/10. The motion to suppress focused, in part, on the petitioner's statements made during an interview by law enforcement. Trial counsel

---

[1] The presiding justice misspoke regarding the dates alleged in count 10 during the Rule 11 proceeding. (Rule 11 Tr. 4.)

2

believed that proper <u>Miranda</u> warnings had not been administered. Trial counsel thought the motion had merit but even if the motion had been granted, the entire family was forthcoming about what had occurred between the petitioner and his daughters. Other people also offered information about the petitioner's sexual abuse of his daughters.

Trial counsel obtained two plea offers from the State: one a firm agreement and one in which the petitioner could argue for a lesser sentence than the State would recommend. The State agreed to dismiss some counts. Trial counsel discussed the offers and the Rule 11 proceeding at length with the petitioner and his son. The petitioner continued to state that if the girls said it happened, it happened and he did not want a trial. Although counsel was willing to try the case, the evidence, based on the victims' statements, was overwhelming and success at trial was unlikely.

Trial counsel agreed he could have requested a bill of particulars and could have filed a motion to sever. But his communications with the petitioner continued to be that if they said it happened, it happened. By the time the case was called to trial, the petitioner and counsel had determined there would be no trial.

The petitioner decided to accept the firm plea offer. (Rule 11 Tr. 2.) Trial counsel believed that option was the best choice for the petitioner. The firm agreement provided for a three year lesser sentence than the cap/argue for less offer. Trial counsel believed the petitioner would have received the cap sentence if he had chosen that plea offer.

Trial counsel denied having coerced the petitioner in any way and denied that the petitioner's family members coerced the petitioner. The petitioner's son was present during some of the discussions regarding the sentence and the petitioner's

3

rights. All were comfortable moving forward. The petitioner wanted to get the matter resolved and did not want the victims to have to testify at trial.

The petitioner testified at the hearing on the petition for post-conviction review that he was very distressed and upset during the period before he entered his pleas. He did not understand the gravity of the situation. He heard what his attorney told him but did not understand. He feared a jury trial would go against him and that he could not defend himself because of what had been said. He did not remember making the admissions alleged and did not recall engaging in the alleged conduct.

His trial counsel told him that if he were found guilty at trial of one charge, he would be found guilty of all the charges and would face a significant sentence. The petitioner felt pressured to plead "although he did not do anything of the nature" of the charges. He agreed he was anxious to get the matter over with and did not want to put his family through this stressful situation.

He testified that he was upset, not listening, and trying not to think about what was going on during the Rule 11 proceeding. He remembered some but not all of what took place during the proceeding.

The petitioner's recollection of events differs from that of his trial counsel and differs from the petitioner's responses to the presiding justice during the Rule 11 proceeding. The presiding justice specifically asked the petitioner, "are you under the influence of a prescription drug or any other substance that might affect your thinking right at this moment?" The petitioner replied, "No." The justice next asked, "You are mentally alert, and you understand what's happening here? The petitioner replied, "Yes." (Rule 11 Tr. 4.) Throughout the proceeding, after his explanations, the justice asked if the petitioner understood and the petitioner's response was always, "Yes." (Rule 11 Tr. 5-9.)

4

The justice asked, "Has anybody used force or the threat of physical force or any other type of threat to get you to plead guilty?" The petitioner replied, "No." The justice also asked, "Has anybody promised you anything outside of the plea agreement to get you to plead guilty?" Again, the petitioner replied, "No." (Rule 11 Tr. 9.) The justice asked if the petitioner disagreed with or disputed any part of the prosecutor's offer of proof and the petitioner replied, "No." (Rule 11 Tr. 11.)

The justice asked whether the sentence outlined by the prosecutor was the same as the sentence the petitioner understood he would receive. The petitioner replied, "Yes." (Rule 11 Tr. 12-13.) Finally, the justice observed, "It's a tough sentence, Mr. Castle, but what you have done is really reprehensible. Even on a first offense, this involves your own daughters, it's – it's an appropriate sentence." (Rule 11 Tr. 14.)

CONCLUSIONS

The petitioner must show that "(1) the performance of [his] attorney fell below that of an ordinary fallible attorney; and (2) there is a reasonable probability that, but for [his] attorney's error, [he] would not have entered a guilty plea and would have insisted on going to trial." Aldus v. State, 2000 ME 47, ¶13, 748 A.2d 463. "'[R]easonable probability' is 'a probability sufficient to undermine confidence in the outcome.'" Laferriere v State, 1997 ME 169, ¶ 8, 697 A.2d 1301 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984). Petitioner has failed to make the required showing.

Trial counsel effectively assisted the petitioner.[2] Trial counsel conducted a reasonable investigation and negotiated a plea agreement, based on the petitioner's consistent position that if the girls said it happened, it happened, that he wanted the matter behind him, and that he did not want to put his family through a stressful

---

[2] Because the petitioner has not shown prejudice, the court could dispense with a discussion of the performance prong of the test. See Laferriere v. State, 1997 ME 169, ¶ 19, 697 A.2d 1301.

situation. The negotiated sentence was fair to the defendant, especially considering the strength of the State's case.

There is nothing on this record to suggest that a motion to dismiss, motion to sever, or motion for a bill of particulars would have been granted. Even if the motion to suppress statements had been granted, the State's case was still strong based on the anticipated testimony of the victims and other family members and friends.

Finally, based on the Rule 11 transcript and the testimony at the hearing on the petition for post-conviction review, the court does not conclude that the petitioner was coerced to plead guilty or that his plea was not intelligently, knowingly, and voluntarily entered. The petitioner agreed at the hearing on the petition for post-conviction review that he wanted to resolve the matter and not put his family through a stressful situation. He answered the justice's questions during the Rule 11 proceeding appropriately and stated that no one had done anything improper to make him plead guilty.

The entry is

The Petition for Post-Conviction Review is DENIED.

Date: February 13, 2013

Nancy Mills
Justice, Superior Court

6

## DOCKET RECORD

PL. DOB: 12/03/1957
PL. ATTY: DAVID PARIS                          State's Attorney: EVERT FOWLE
         72 FRONT STREET
         BATH ME 04530-2657
         APPOINTED 10/20/2011

Filing Document: PETITION                      Major Case Type: POST CONVICTION REVIEW
Filing Date: 07/21/2011

## Charge(s)

## Docket Events:

07/28/2011 FILING DOCUMENT -  PETITION FILED ON 07/21/2011

07/28/2011 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 07/28/2011

10/18/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 09/29/2011
          WILLIAM R ANDERSON , JUSTICE
10/18/2011 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/21/2011

10/20/2011 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/19/2011
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
10/20/2011 Party(s):  THOMAS M CASTLE
          ATTORNEY -  APPOINTED ORDERED ON 10/20/2011

          Attorney:  DAVID PARIS
11/01/2011 ORDER -  TRANSCRIPT ORDER FILED ON 11/01/2011

          Attorney:  DAVID PARIS
          PLEA AND SENTENCING
12/28/2011 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 12/27/2011

05/07/2012 MOTION -  MOTION TO DISMISS FILED BY STATE ON 05/03/2012

05/07/2012 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 05/03/2012

05/07/2012 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/03/2012

05/07/2012 ORDER -  TRANSCRIPT ORDER FILED ON 05/03/2012

05/07/2012 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 05/03/2012
          NANCY  MILLS , JUSTICE
05/08/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME SCHEDULED FOR 05/29/2012 at 03:00 p.m.
          NANCY  MILLS , JUSTICE
          NOTICE  TO PARTIES/COUNSEL
05/08/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME NOTICE SENT ON 05/08/2012

05/29/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME CONTINUED ON 05/29/2012

06/20/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME SCHEDULED FOR 07/09/2012 at 03:00 p.m.
          NANCY  MILLS , JUSTICE
          NOTICE  TO PARTIES/COUNSEL
06/20/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME NOTICE SENT ON 06/20/2012

07/11/2012 HEARING -  MOTION FOR ENLARGEMENT OF TIME HELD ON 07/09/2012
          NANCY  MILLS , JUSTICE
          Attorney: DAVID PARIS
          DA:  PAUL RUCHA
          PHONE CONFERENCE
07/11/2012 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 07/09/2012
          NANCY  MILLS , JUSTICE
          Attorney: DAVID PARIS
          DA:  PAUL RUCHA
07/11/2012 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 07/09/2012
          NANCY  MILLS , JUSTICE
          AFTER TELEPHONE CONFERENCE, STATE'S MOTION TO EXTEND GRANTED OVER OBJECTION.  COPY TO ATTY
          PARIS AND ADA RUCHA
07/11/2012 POST CONVIC. REVIEW -  ORDER RESULTING FROM PCR CONF FILED ON 07/09/2012
          NANCY  MILLS , JUSTICE
          EVIDENTIARY HEARING: 2 TO 4 HOURS.                              COPY TO ATTY
          PARIS AND ADA RUCHA
07/12/2012 HEARING -  MOTION TO DISMISS SCHEDULED FOR 07/18/2012 at 02:00 p.m.
          NANCY  MILLS , JUSTICE
          NOTICE  TO PARTIES/COUNSEL
07/12/2012 HEARING -  MOTION TO DISMISS NOTICE SENT ON 07/12/2012

07/12/2012 WRIT -  HABEAS CORPUS TO PROSECUTE ORDERED ON 07/12/2012

07/12/2012 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 07/12/2012

          CERTIFIED COPY TO SHERIFF DEPT.
07/19/2012 MOTION -  OTHER MOTION FILED BY STATE ON 07/19/2012

          DA:  PAUL RUCHA
          MOTION FOR COURT ORDER REQUIRING ATTORNEY TO PROVIDE INFORMATION TO THE    STATE'S ATTY.
07/20/2012 MOTION -  OTHER MOTION GRANTED ON 07/19/2012
          NANCY  MILLS , JUSTICE
          MOTION FOR COURT ORDER REQUIRING ATTORNEY TO PROVIDE INFORMATION TO THE    STATE'S ATTY.
08/16/2012 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY PETITIONER ON 05/03/2012

08/16/2012 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 08/09/2012
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
08/16/2012 HEARING -  MOTION TO DISMISS HELD ON 07/18/2012
          NANCY  MILLS , JUSTICE
          Attorney: DAVID PARIS
          DA:  PAUL RUCHA
          Defendant Present in Court
08/16/2012 MOTION -  MOTION TO DISMISS DENIED ON 08/09/2012
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL

08/16/2012 ORDER - COURT ORDER FILED ON 08/09/2012
         NANCY MILLS , JUSTICE
         ORDER ON STATE'S MOTION TO DISMISS AND PETITIONER'S MOTION TO EXTEND TIME
09/20/2012 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 09/28/2012 at 08:15 a.m.


09/20/2012 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 09/20/2012


10/15/2012 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 09/28/2012
         NANCY MILLS , JUSTICE
         Attorney: DAVID PARIS
         DA: BRAD GRANT
         CASE READY FOR TRIAL, ONE HOUR. ATTY PARIS TO FILE WITNESS LIST BY 10/5/12.
                                                       COPY TO ADA GRANT AND ATTY
         PARIS
11/02/2012 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 11/19/2012 at 01:00 p.m.
         NANCY MILLS , JUSTICE
         NOTICE TO PARTIES/COUNSEL
11/02/2012 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 11/02/2012


11/02/2012 WRIT - HABEAS CORPUS TO TESTIFY ORDERED ON 11/02/2012
         M MICHAELA MURPHY , JUSTICE
11/02/2012 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 11/02/2012


         CERTIFIED COPY TO SHERIFF DEPT.
11/19/2012 HEARING - EVIDENTIARY HEARING HELD ON 11/19/2012
         NANCY MILLS , JUSTICE
         Attorney: DAVID PARIS
         DA: BRAD GRANT          Reporter: KIMBERLY MCCULLOCH
         Defendant Present in Court
11/19/2012 CASE STATUS - CASE FILE LOCATION ON 11/19/2012
         NANCY MILLS , JUSTICE
         IN CHAMBERS WITH JUSTICE MILLS
11/19/2012 CASE STATUS - DECISION UNDER ADVISEMENT ON 11/19/2012
         NANCY MILLS , JUSTICE
11/19/2012 WRIT - HABEAS CORPUS TO TESTIFY REMANDED ON 11/19/2012


02/27/2013 CASE STATUS - CASE FILE RETURNED ON 02/13/2013


02/27/2013 ORDER - COURT ORDER FILED ON 02/13/2013
         NANCY MILLS , JUSTICE
         ORDER ON PETITION FOR POST-CONVICTION REVIEW. BASED ON THE RULE 11 TRANSCRIPT AND THE
         TESTIMONY AT THE HEARING ON THE PETITION FOR POST-CONVICTION REVIEW, THE COURT DOES NOT
         CONCLUDE THAT THE PETITIONER WAS COERCED TO PLEAD GUILTY OR THAT HIS PLEA WAS NOT
         INTELLIGENTLY, KNOWLINGLY, AND VOLUNTARILY ENTERED. THE PETITIONER AGREED AT THE HEARING
         ON THE PETITION FOR POST-CONVICTION REVIEW THAT HE WANTED TO RESOLVE THE MATTER AND NOT
         PUT HIS FAMILY THROUGH A STRESSFUL SITUATION. PETITION DENIED
02/27/2013 ORDER - COURT ORDER ENTERED ON 02/13/2013


A TRUE COPY
ATTEST: _____
                  Clerk